UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE RODRIGUEZ,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 19cv0424-L-MDD<br><br>**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE: DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S DEPOSITION AND FOR MONETARY SANCTIONS**<br><br>**[ECF No. 20]** |

Before the Court is the Joint Motion of the parties for determination of a discovery dispute filed on March 16, 2020. (ECF No. 20). The Joint Motion presents the Defendants' motion to compel Plaintiff's deposition and seeks reimbursement of costs for two aborted depositions of Plaintiff.

## **LEGAL STANDARD**

Fed. R. Civ. P. 30(b)(1) provides that a party may take the deposition of any person, including a party, by reasonable notice. A party whose deposition has been noticed may seek a protective order under Rule 26(c). Absent a protective order or an order staying the deposition, the party must

appear for a properly noticed deposition. *Terry v. State Farm General Ins. Co.,* No. EDCV 16-2096-JGB-KKx, 2017 WL 5714518 *2 (C.D. Cal. 7/27/2017); *Bishop v. Potter,* No. 2:08-cv-0726-RLH-GWF, 2010 WL 2771763 *1 (D. Nev. 6/14/2010).

Fed. R. Civ. P. 37(d)(1)(A)(i) provides that a court may order sanctions if a party fails to appear for a properly noticed deposition. Sanctions available for failing to appear are provided at Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court **must** require the party failing to act, the attorney advising the party, or both to pay reasonable expenses caused by the failure unless the failure was substantially justified or other circumstances make award of the sanctions unjust. Rule 37(d)(3).

## **DISCUSSION**

The complaint in this case, charging the use of excessive force by Defendants, was filed on March 4, 2019. (ECF No. 1). The Early Neutral Evaluation and Case Management Conference was held on June 17, 2019. (ECF No. 7). The first Scheduling Order was issued that same day and set a discovery deadline of December 18, 2019. (ECF No. 8). On September 6, 2019, upon joint motion of the parties, the Court amended the Scheduling Order because Plaintiff had terminated her attorney and was hospitalized for a time in August. The discovery deadline was extended to February 17, 2020. (ECF No. 13). On January 7, 2020, upon joint motion of the parties based upon Plaintiff's inability to be deposed due to illness, the Court again extended the discovery completion deadline to March 18, 2020. (ECF No. 17). And, finally, on February 5, 2020, the Court granted a joint motion to extend the discovery deadline to the current deadline of May 18, 2020, again due to the inability to obtain Plaintiff's deposition. (ECF Nos. 18, 19).

These facts appear undisputed:

1. Plaintiff was scheduled for deposition on December 18, 2019. On December 16, 2019, Plaintiff sought and was given a continuance by Defendants, due to her illness, to January 6, 2020. (ECF No. 20 at 2).
2. On January 6, 2020, Plaintiff appeared for deposition but claimed to be unable to proceed due to laryngitis. By agreement, the deposition was scheduled to resume on January 15, 2020. (*Id.*).
3. On January 13, 2020, because her laryngitis had not resolved, the parties agreed to continue her deposition to January 23, 2020. (ECF No. 20 at 3).
4. On January 22, 2020, counsel for Plaintiff sought another extension because Plaintiff's voice had not returned. The parties agreed to continue to deposition to January 31, 2020. (*Id.*).
5. On January 30, 2020, counsel confirmed Plaintiff's availability for the next day. On January 31, 2020, Plaintiff appeared but stated that she remained too ill to provide testimony. (*Id.*).

Defendants now seek an order compelling Plaintiff to appear for her deposition and seek recovery of their costs, excluding attorney's fees, for the two depositions that were commenced but not conducted. Defendants have provided evidence that they incurred costs totaling $1923.00 for court reporting and videography for the two aborted depositions. Plaintiff asserts that an order is not needed as Plaintiff is willing to be deposed but consistently unable to do so.

## **CONCLUSION AND ORDER**

Defendants' motion to compel and for sanctions, as presented in this

Joint Motion is **GRANTED**. Plaintiff must submit to deposition no later than April 16, 2020, absent agreement of the parties or further Order of the Court. The Court finds that Plaintiff could and should have notified Defendants of her medical condition (laryngitis) prior to the commencement of the depositions on January 6 and 31, 2020. No reason has been given for those failures. Consequently, Plaintiff must reimburse Defendants for the $1923.00 in costs incurred by Defendants for court reporting services, including videography. The reimbursement must be made with 60 days of the filing of this Order, absent a contrary agreement of the parties or further Order of the Court. All other dates remain as previously set.

**IT IS SO ORDERED.**

Dated: March 17, 2020

Hon. Mitchell D. Dembin
United States Magistrate Judge