UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE RODRIGUEZ,<br><br>                              Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO; ADAM RATCLIFFE; TIMOTHY DENNY;<br><br>                              Defendants. | Case No.: 19-cv-0424-L-MDD<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: DEFENDANTS' MOTION FOR TERMINATING SANCTIONS**<br><br>**[ECF No. 24]** |

Before the Court is Defendants' Motion for Terminating Sanctions; or in the Alternative, Evidentiary Sanctions. (ECF No. 24).[1] The Motion requests the Court terminate this case due to Plaintiff's failure to prosecute her claims and follow the Court's Order. This Report and Recommendation is submitted to United States District Judge M. James Lorenz pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c)(1) of the United States District Court for the Southern District of California. For the reasons set forth herein, the

---

[1] All pincite page references refer to the automatically generated ECF page number, not the page number in the original document.

1

Court **RECOMMENDS** that Defendants' Motion be **GRANTED** and directs that judgment be entered **DISMISSING** this action **WITH PREJUDICE**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The complaint in this case, charging the use of excessive force by Defendants, was filed on March 4, 2019. (ECF No. 1). The Early Neutral Evaluation and Case Management Conference was held on June 17, 2019. (ECF No. 7). The first Scheduling Order was issued that same day and set a discovery deadline of December 18, 2019. (ECF No. 8). On September 6, 2019, upon joint motion of the parties, the Court amended the Scheduling Order because Plaintiff had replaced her attorney and was hospitalized for a time in August. The discovery deadline was extended to February 17, 2020. (ECF No. 13). On January 7, 2020, upon joint motion of the parties based upon Plaintiff's inability to be deposed due to illness, the Court again extended the discovery completion deadline to March 18, 2020. (ECF No. 16, 17). On February 5, 2020, the Court granted a joint motion to extend the discovery deadline to May 18, 2020, again due to Defendants' inability of obtaining Plaintiff's deposition. (ECF Nos. 18, 19).

On May 6, 2020, upon the fourth joint motion of the parties to continue trial and pretrial deadlines, the Court extended the discovery deadline to July 3, 2020, due to restrictions related to the COVID-19 pandemic. (ECF No. 22, 23).

The history of attempts to depose Plaintiff is as follows:

1. Plaintiff was scheduled for deposition on December 18, 2019. On December 16, 2019, Plaintiff sought and was given a continuance by Defendants, due to illness, to January 6, 2020. (ECF No. 20 at 2).

2. On January 6, 2020, Plaintiff appeared for deposition but claimed to be unable to proceed due to laryngitis. By agreement, the deposition was

scheduled to resume on January 15, 2020. (*Id.*).

3. On January 13, 2020, because her laryngitis had not resolved, the parties agreed to continue her deposition to January 23, 2020. (ECF No. 20 at 3).

4. On January 22, 2020, counsel for Plaintiff sought another extension because Plaintiff's voice had not returned. The parties agreed to continue to deposition to January 31, 2020. (*Id.*).

5. On January 30, 2020, counsel confirmed Plaintiff's availability for the deposition on the following day. On January 31, 2020, Plaintiff appeared but stated that she remained too ill to provide testimony. (*Id.*). This event resulted in Defendants' motion to compel Plaintiff's deposition. (ECF No. 20). On March 17, 2020, the Court granted Defendants' motion and imposed monetary sanctions in the amount of $1,923.00. (ECF No. 21).

6. Plaintiff was scheduled for deposition on April 9, 2020. On April 6, 2020, Defendants took Plaintiff's deposition off calendar due the Governor's "stay at home" order regarding COVID-19. (ECF Nos. 24-1 at 9; 30 at 3)

7. On May 6, 2020, the Court granted the parties fourth Joint Motion to extend the discovery deadline due to restrictions related to the COVID-19 pandemic.

8. On May 29, 2020, Defendants served their final written discovery requests on Plaintiff. (ECF No. 24-1 at 11). Plaintiff did not respond to the propounded discovery. (*Id.*).

9. Plaintiff was scheduled again for deposition on June 10, 2020. On June 8, 2020, Plaintiff informed counsel that she would be unable to attend the deposition due to lack of transportation. Defense counsel agreed to reschedule the deposition contingent on Plaintiff's confirmation of attendance at the deposition and waiver of notice. Those conditions being fulfilled, the

deposition was rescheduled for June 12, 2020.

10. On June 12, 2020, despite the agreement, Plaintiff did not appear for deposition.

Defendants now seek an order for terminating sanctions and seek monetary recovery of their legal fees and costs due to the unsuccessful attempts to depose Plaintiff.  (ECF No. 24).  Defendants allege Plaintiff is engaging in a pattern and practice of intentionally avoiding her discovery obligations and defying the Court's Order.  (ECF No. 24-1).  Defendants have provided evidence that they incurred costs totaling $594.50 for court reporting and videography of the abandoned deposition on June 12, 2020.  (*Id.* at 10).  Defendants also provide their costs and fees following their initial motion to compel in the sum of $2,808.30.  (*Id.* at 10-11).  Further, Defendants seeks the costs of bringing this instant motion in the sum of $2,352.90.  (*Id.* at 11).  Last, Defendants reiterate that the Court's prior award of discovery sanctions, in the amount of $ 1,923.00, remains unpaid and allege that Plaintiff has no intention of complying with the Court's order.  (*Id.* at 8, 9).

Plaintiff asserts she did not act in bad faith. (ECF No. 30).  Plaintiff alleges good faith efforts were made to participate throughout the discovery process however her ability to do so was impeded by unanticipated medical issues.  (*Id.* at 4).  Plaintiff further asserts that she is, and has been, amenable to be deposed but has experienced hardship rendering her incapable of doing so.  (*Id.* at 6).

## II. LEGAL STANDARD

"Federal Rule of Civil Procedure 37 authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." *Wyle v.*

*R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983).  Additionally, district courts have inherent power to "impose sanctions including, where appropriate, default or dismissal."  *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1961)).

When a party disobeys a discovery order, Federal Rule of Civil Procedure 37 provides the Court with several options.  Rule 37(d)(1)(A)(i) provides that the court may, on motion, order sanctions for a party's failure to appear for deposition after being served with proper notice.  The sanctions "may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)."  Fed. R. Civ. P. 37(d)(3).  Rule 37(b)(2)(A)(v) allows for "dismissing the action or proceeding in whole or in part."

Terminating sanctions are severe and are only justified where the failure to produce stems from the "willfulness or bad faith" of the offending party.  *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011); *see also In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1233 (9th Cir. 2006) (finding willfulness where plaintiffs refused to timely furnish requested material and unreasonably delayed completing a fact sheet that was necessary for defendants to mount a defense). "Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault." *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003) (quoting *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994)).

The Ninth Circuit has created a five part test in considering whether a dismissal or default is justified as a Rule 37 sanction: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Thompson v. Hous. Auth. of City of L.A.*, 782 F. 2d 829, 831 (9th Cir. 1986); s*ee* also *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). These factors are not a series of conditions precedent before the judge can act, but a way for the court "to think about what to do." *In re PPA*, 460 F.3d at 1226; *see also Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("We may affirm a dismissal where at least four factors support dismissal, or where at least three factors strongly support dismissal.").

## II. DISCUSSION

### A. The Public's Interest in Expeditious Resolution of Litigation

Under the first of the *Thompson* factors, the Court must consider the public's interest in the expeditious resolution of the case. *Conn. Gen. Life Ins. Co.*, 482 F.3d at 1096. "Orderly and expeditious resolution of disputes is of great importance to the rule of law. By the same token, delay in reaching the merits, whether by way of settlement or adjudication, is costly in money, memory, manageability, and confidence in the process." *In re PPA*, 460 F.3d at 1227.

After numerous attempts by Defendants to depose Plaintiff—originally set for December 18, 2019; rescheduled for January 6, 2020; rescheduled for January 15, 2020; rescheduled for January 23, 2020; rescheduled for January 31, 2020; rescheduled for April 09, 2020; rescheduled for June 10, 2020; and finally set for June 12, 2020—Plaintiff has failed to attend or effectively participate in her properly noticed depositions. During the slew of attempts to depose Plaintiff, Defendants incurred costs due to Plaintiff's unwillingness to sit for deposition. Plaintiff's inability or unwillingness to participate in discovery has caused strain to the judicial process.

Not only has Plaintiff missed deadlines and continually requested extensions, Plaintiff failed to make herself available both to her counsel and to Defendants. Plaintiff has not provided the Court, or counsel, with any justified excuse for her absence and there is no indication that any is forthcoming. Plaintiff's counsel cannot provide the Court with any reasonable reassurance that Plaintiff intends to further prosecute her claims, the Court finds any further delay unjustified.

Plaintiff's failure to comply with the Court's Order hinders the progress of the case and the Court's ability to manage its docket. Thus, even though Plaintiff alleges she is willing to participate in good faith, the Court finds the delays have already affected the public's right to the "just, speedy, and inexpensive determination of every action." *In re PPA*, 460 F.3d at 1127. Accordingly, this factor weighs in favor of terminating sanctions. *Hyde & Drath v. Baker*, 24 F.3d 1162, 1173 (9th Cir. 1994) (affirming dismissal of complaint was proper after clients repeatedly failed to attend court-ordered depositions).

**B. The Court's Need to Manage its Docket**

Next, the Court must evaluate the extent to which its ability to manage its docket is impacted by Plaintiff's continued noncompliance. *See Conn. Gen. Life Ins. Co.*, 482 F.3d at 1096. In *Thompson,* the Ninth Circuit stated that "[d]istrict courts have inherent power to control their dockets. In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." *Thompson*, 782 F. 2d at 831. The *Thompson* Court further noted that while dismissal should "be imposed as a sanction only in extreme circumstances," the Ninth Circuit has "repeatedly upheld the imposition of the sanction of dismissal for failure to comply with pretrial procedures mandated by local rules and court orders." *Id.*

Plaintiff brought this case on March 4, 2019. On June 17, 2019, the Court filed a Scheduling Order regulating discovery and other pre-trial proceedings. In the ensuing year, the case has not moved beyond the discovery phase. The Court's attempts to compel compliance from Plaintiff have been unsuccessful. Monetary sanctions have proven unsuccessful to deter Plaintiff from further disobedience. The Court is convinced that without employing the drastic remedy of dismissal, the case will continue to stagnate. As such, the Court's ability to efficiently manage its docket has been impaired and will continue to be impaired if this case is not dismissed. This factor weighs in favor of dismissal.

### C. The Risk of Prejudice to Defendant

Next, the Court must evaluate the risk of prejudice to the defendant. *See Conn. Gen. Life Ins. Co.*, 482 F.3d at 1096. "Prejudice normally consists of loss of evidence and memory, it may also consist of costs or burdens of litigation, although it may not consist of the mere pendency of the lawsuit itself." *In re PPA,* 460 F.3d at 1128 (internal citations omitted). "The law . . . presumes prejudice from unreasonable delay." *Id.* at 1127.

As a general notion, Plaintiffs are responsible for moving cases toward disposition on the merits at a reasonable pace and for identifying convincing reasons why it is important for the case to be resolved on its merits. *In re Eisen,* 31 F.3d 1447, 1454 (9th Cir. 1994). However, this cannot be accomplished using evasive or dilatory tactics. *Id.*

Plaintiff has not fulfilled her responsibility to move this case towards disposition on the merits. Her actions in defiance of the Court's Order, unwillingness to be deposed, and lack of communication with counsel lead the Court to believe Plaintiff has abandoned her claims. Defendants have been unable to develop their defenses, nor can they be forced to trial without the

production of lawfully requested discovery from Plaintiff.  Defendants have already been prejudiced by the time, effort, and expense needed to defend this case and will continue to be prejudiced if this case proceeds.  *See Reyes v. City of Glendale*, 313 F. App'x 68, 70 (9th Cir. 2009) (noting length of delay was a factor to consider under the prejudice inquiry).  Accordingly, this factor also weighs in favor of dismissal.

### D. The Public Policy Favoring Disposition of Cases on Their Merits

Under the fourth factor, the Court must consider the public policy favoring the disposition of cases on the merits.  *Conn. Gen. Life Ins. Co.*, 482 F.3d at 1096.  Generally, public policy favors disposition of cases on their merits.  *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).

However, a "case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits." *In re PPA*, 460 F.3d at 1128. "Thus, this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.*

Although Plaintiff avers that she is amenable to being deposed and to moving the case forward, she has taken no measures to do so.  Plaintiff's failure to attend her deposition, in direct defiance of the Court's Order, prevents this case from moving toward a resolution on the merits. This factor, therefore, weighs in favor of dismissal.

### E. The Availability of Less Drastic Sanctions

Finally, the Court considers the availability of less drastic sanctions. *Conn. Gen. Life Ins. Co.*, 482 F.3d at 1096.  "There is no requirement that every single alternate remedy be examined by the court before the sanction of

dismissal is appropriate. The reasonable exploration of possible and meaningful alternatives is all that is required." *Anderson v. Air W., Inc.,* 542 F.2d 522, 525 (9th Cir. 1976). When less drastic sanctions have already been imposed and/or the court has previously warned the plaintiff of the possibility of a dismissal, but these measures have had little or no effect, the "consideration of alternatives" requirement has been satisfied. *In re PPA,* 460 F.3d at 1229.

Despite multiple opportunities, Plaintiff has taken no action to remedy or cure her failure. After multiple failed attempts to depose Plaintiff, the Court granted Defendants' Motion to Compel her compliance and awarded monetary sanctions. (*See* ECF No. 21). As of this Order, Plaintiff has yet to make herself available for deposition and not paid the monetary sanctions. Given Plaintiff's complete failure to comply to the Court's Order, less severe sanctions are not feasible. Here, the Court can only conclude that Plaintiff has abandoned prosecuting this case. Therefore, this factor weighs in favor dismissal.

### III. MONETARY SANCTIONS

In addition to terminating sanctions, Defendants request the imposition of monetary sanctions. Defendants have provided evidence that they incurred costs totaling $594.50 for court reporting and videography of the abandoned deposition on June 12, 2020. (ECF No. 24-1 at 10). Defendants also provide their costs and fees following their initial motion to compel in the sum of $2,808.30. (*Id.* at 10-11). Further, Defendants seeks the costs of bringing this instant motion in the sum of $2,352.90. (*Id.* at 11). Last, Defendants reiterate that the Court's prior award of discovery sanctions, in the amount of $ 1,923.00, remains unpaid. (*Id.* at 8, 9). In sum, Defendants request a total of $7,687.70, for their fees and costs.

In opposition, Plaintiff does not challenge Defendants' monetary request. (*See* ECF No. 30). Plaintiff only seeks to be excused from paying the requested amount. (ECF No. 30 at 6). Plaintiff offers no challenge to the reasonableness of Defendants' request.

The Court finds Plaintiff's attorney fees, as well as cost incurred, to be reasonable. Good cause appearing, this Court recommends Plaintiff be sanctioned $7,687.70.

## IV. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** the District Court issue an Order: (1) Approving and adopting this Report and Recommendation; (2) Directing that judgment be entered **DISMISSING** the action **WITH PREJUDICE**; (3) Ordering Plaintiff to pay Defendants costs and attorney's fees, in the sum of $7,687.70.

**IT IS HEREBY ORDERED** that any written objection to this report must be filed with the Court and served on all parties no later than August 19, 2020. The document should be captioned "Objections to Report and Recommendations."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than August 26, 2020. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED**.

Dated:   August 12, 2020

Hon. Mitchell D. Dembin
United States Magistrate Judge